## FARR *v.* TOWN OF LYONS.

*(Circuit Court, N. D. New York. 1882.)*

1. MUNICIPAL BONDS—NEGOTIABILITY OF.

    Municipal bonds, payable to bearer, are deemed payable to the holder, and the holder is not regarded as the assignee of the contract, but the holder through transfer by delivery.

2. JURISDICTION OF CIRCUIT COURT—ACT OF 1875.

    A citizen of another state may sue a municipal corporation, located in the state where suit is brought, upon bonds issued by such corporation, and his right of action does not depend upon the rights of former owners of the bonds to sue thereon under the inhibition in section 1 of the act of March 3, 1875, defining the jurisdiction of the circuit court, as he does not derive his title by assignment.

*C. H. Roys,* for defendant.

*W. F. Cogswell,* for plaintiff.

COXE, D. J. This action was tried at the June term of this court, and plaintiff had a verdict. The defendant now moves for a new trial. The plaintiff is a citizen of Pennsylvania. The defendant is a municipal corporation of New York. The action is to recover the semi-annual interest due on the first day of April, 1880, and on the first day of October, 1881, upon four coupon bonds of the defendant. The bonds and the coupons are payable to bearer. The bonds are sealed. The coupons are not sealed. A similar suit between these parties, tried in this court in 1880, resulted in a verdict for the plaintiff. The judgment record in that action is produced, and it is insisted that the doctrine of *res adjudicata* precludes the defendant from again asserting any defense which was, or which might have been, there interposed. The defendant now, for the first time, disputes the jurisdiction of the court, for the alleged reason that no

action could have been maintained on the bonds in this court by the party from whom plaintiff received them, he being a citizen of New York; that this action is not on the coupons, but is on the bonds; that the bonds are neither promissory notes negotiable by the law merchant, nor bills of exchange, and are therefore not within the exceptions mentioned in the statute. That portion of the act of March 3, 1875, which is applicable, is in the following words:

"Nor shall any circuit or district court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law merchant, and bills of exchange." 18 St. at Large, 470.

The question being one of jurisdiction may properly be considered here. The defendant is not concluded as to it by the prior judgment.

It is not disputed that, both in practice and by a series of decisions extending over many years, the federal courts have maintained and asserted their jurisdiction of actions arising upon municipal bonds in circumstances similar to those developed here. But it is argued with much learning and ingenuity that the recent decision in *Coe* v. *Morgan*, 8 FED. REP. 534, has effected a complete overthrow of these well-established principles. It is thought that the decision does not enunciate doctrines so radical. In that case it was held that a note payable to order, and negotiable by the law merchant, was transformed into a specialty by the addition of the seal of the maker. It was, even after the seal had been affixed, in one sense, a promissory note, but not a note negotiable by the law-merchant. With the seal absent the note would have passed by indorsement, and if indorsed in blank, thereafter by delivery. With the seal added it was held to be no longer negotiable in the commercial sense, and could only pass by assignment. In this respect it differs from an instrument payable to bearer, where the holder does not trace his title through any intermediate indorsee or assignee, and where it is wholly immaterial whether the instrument was delivered to him by the maker or passed through the hands of many antecedent owners. He derives his title, not by assignment or indorsement, but by the *bona fide* possession of the instrument. In order to maintain his action he is required to plead and prove the instrument, and that he is its lawful owner and holder. How he procured it, and from whom, is not at all important. This distinction is recognized by Judge Blatchford in the case referred to. He says, speaking of municipal bonds: "Such obligations, payable to bearer, are deemed payable to the holder; and so,

under this act of 1875, the holder who sues is not regarded as an assignee of the contract, but is a holder through a transfer by delivery."

The federal courts have by a long line of adjudications invested these bonds, and each coupon, with all of the characteristics, and subjected them to most of the rules applicable to commercial paper. They are issued to invite the investments of the world. The citizens of the state in which they have their inception not only, but the citizens of other states and foreign countries, are solicited to become their purchasers. A citizen of Pennsylvania who possesses such a cause of action against a citizen of New York, the amount exceeding $500, has a right to invoke the aid and seek the protection of the federal courts. His action would not be defeated, and the court ousted of jurisdiction, by proof that the first holder, after inception, or the last holder, was a citizen of New York.

In the case at bar plaintiff's right of action does not depend upon the former owners of the bonds; he derives no title from them. No act of theirs can add to or detract from the strength of his position. The town of Lyons promises to pay *him*, Creon B. Farr, and he is a citizen of Pennsylvania. In the *Coe and Morgan case* the promise was to pay to the order of a citizen of New York. He could not sue in the federal courts, nor could he transfer the obligation to one who could so sue, except by assignment; hence the inhibition of the statute attached. In this case, on the contrary, the promise is direct to a person who has a right to enforce it in the federal tribunals. The fact that a citizen of New York, or a hundred citizens of New York, held the bonds before he held them, does not affect his standing in the smallest particular.

The motion is denied.